# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER ROBERTSON,<br><br>                Plaintiff,<br><br>     v.<br><br>MARIPOSA COURT, et al.,<br><br>                Defendants.<br>_____/ | Case No.  1:14-cv-00947 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>THIRTY-DAY OBJECTION DEADLINE |

　　　　Plaintiff Roger Robertson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 16, 2014.  He names the Mariposa County Court, Mariposa County Court Judge Walton, District Attorney Kim Fisher and various attorneys that have represented him through his criminal proceedings.

**A.     LEGAL STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Mule Creek State Prison.

Plaintiff filed this action on a Section 1983 form pleading.  Under "Causes of Action," Plaintiff summarizes his criminal case in Mariposa County Court and alleges various constitutional issues with the presiding judge, jury, his attorneys and the district attorney.  Plaintiff contends that his rights under the Fifth, Sixth and Fourteenth Amendments were violated.  Plaintiff requests that his criminal conviction be reversed.

## C. DISCUSSION

In Preiser v. Rodriguez, the Supreme Court held that a habeas action, rather than a suit under section 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of his confinement."  411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Actions under section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement.  Id. at 482.  The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider section 1983 claims that impugn the lawfulness of confinement.  See Heck, 512 U.S. 477, 485, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  When a state prisoner's challenge "necessarily impl[ies] ... the invalidity of" a prison disciplinary, the action must be pursued through a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir.1997) (holding that § 1983 action against parole board defendants who considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole").

Here, Plaintiff challenges his criminal conviction and requests reversal.  Such relief is not available in a section 1983 action, and Plaintiff must file a petition for writ of habeas corpus to challenge his conviction.

## D. FINDINGS AND RECOMMENDATION

For these reasons, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim for which relief may be granted under section 1983.  Plaintiff may refile this action as a petition for writ of habeas corpus.  The Court further RECOMMENDS that Plaintiff's pending Motion to Waive Court Fees (Document 7) be DENIED AS MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2014**                             /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE

4